UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                          Case No. 1:12-cv-354

v.                                                     HON. JANET T. NEFF

$9,770 UNITED STATES CURRENCY,

       Defendant,

BRANDON JONES,

       Claimant.
_____/

## OPINION

The Government filed this civil forfeiture action on April 11, 2012, seeking the forfeiture of $9,770 in alleged illegal proceeds of drug trafficking. The $9,770 in currency ("the Currency") was seized by the United States Postal Service after obtaining a search warrant for a package, which Postal Inspectors, and later a K-9 Officer, found highly suspicious. The package contained a DVD player. The $9,770 was wrapped in foil and packing tape and concealed inside the player.

On May 18, 2012, Claimant Brandon Jones filed a Claim, asserting that he had a personal interest in the Currency as the addressee and bailee of the Currency (Dkt 6). He then filed a "Motion to Quash Warrant and Suppress Evidence (Penal Code ' 1538.5) [sic] and to Dismiss under Rule 12(b)(6) for Failure to State a Claim" (Dkt 12). The Government filed a Motion to Strike Jones' Claim, which this Court denied without prejudice, permitting Jones an opportunity to provide more in-depth/updated answers to the Government's Special Interrogatories (Dkt 19).

Pending now before the Court is the Government's Second Motion to Strike Claim of Brandon Jones (Dkt 20), following Jones' amended responses to the Government's Special Interrogatories. Jones has filed a Response (Dkt 23) to the motion. Having fully considered the opposing motions and the record, the Court determines that Jones has failed to establish standing to challenge the forfeiture of the currency at issue, and therefore, the Government's Second Motion to Strike is properly granted.

In his sworn amended responses to the interrogatories, as well as his response to the motion to strike, Jones no longer claims that he is a "bailee" of the Currency, but instead claims he is the "owner" of the property. He asserts that the Currency was mailed to him as an investment in his business by an individual known to him only as "Gabriel," in exchange for an ownership/profit sharing interest the business:

> It was an investment into my business, which is called UrbanQigong (UrbanQigong.com). I want to sell yoga mats and accessories, and beneficial products for people around the world. I received this money after my friend, Andreas Smith, told me of an investor he had found who was interested in investing in small business ventures. I was contacted by this individual, Gabriel, and we worked out a silent partnership deal (basically profit sharing up to a certain level). He said he would be sending money or coming out here to meet. I never received the money as it was intercepted by the Postal Service.

(Dkt 21-1 at 3, Response to Special Interrogatory No. 2). Jones does not know the person who sent the package, "Carlisle Lee, 1037 Hermitage, SE Grand Rapids, MI 49506," as identified on the return address label (*id.* at 5, Response to Special Interrogatory No. 8; Govt. Br., Dkt 21 at 3). Jones provides no additional information or evidence concerning the package, money or asserted business arrangement.[1]

---

[1]The Government notes that "[a]nother Claimant, Andreas Smith, represented by the same counsel, has filed a nearly identical claim to another package of currency shipped from Michigan

The Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983, governs *in rem* civil forfeiture actions commenced on or after August 23, 2000. *United States v. $99,990.00 in United States Currency,* 69 F. App'x 757, 762 (6th Cir. 2003). Those forfeiture proceedings are also governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). 18 U.S.C. § 983(a)(4)(A). Supplemental Rule G(8)(c)(i)(B) authorizes the government to move to strike a claim or answer, at any time before trial, based upon a claimant's failure to establish that he has standing to contest the forfeiture. Supplemental Rule G(8)(c)(i)(B); G(8)(b)(i).

The Government moves pursuant to Supplemental Rule G(8)(c) to strike Jones' Claim on the grounds that he has failed to establish that he has standing to contest the forfeiture of the $9,770 Currency. The Government argues that based on the facts presented, Jones is a mere unsecured creditor of Gabriel as a result of the asserted business deal, with no interest in the specific property subject to forfeiture. The Government asserts that a general unsecured creditor does not qualify as an "Owner" under the civil forfeiture statute, which defines an "Owner" as:

> (A)…a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest; and
>
> (B) does not include –
>
> (i) a person with only a general unsecured interest in, or claim against, the property or estate of another. …

18 U.S.C. § 983(d)(6).

---

intended for California. That case is pending before Honorable Paul L. Maloney. Claimant Smith has filed nearly the same responses as Claimant Jones to the government's special interrogatories. Smith, like Jones, does not know the identity of the so-called investor in their companies, and only knows him as 'Gabriel.'" (Govt. Br., Dkt 21 at 3 n.1).

The Government's motion to strike based on standing must be decided before any motion by the claimant to dismiss the action. Supplemental Rule G(8)(c)(ii)(A); *see also United States v. $543,190 in U.S. Currency,* 535 F. Supp. 2d 1238, 1248 (M.D. Ala. 2008) (standing is a threshold issue in a forfeiture case; the court must address government's challenge to claimant's standing before considering his motion to suppress). The claimant bears the burden of establishing standing. Supplemental Rule G(8)(b)(i); *see, e.g., United States v. $133,420.00 in United States Currency,* 672 F.3d 629, 644 (9th Cir. 2012) ("Although the burden of proving that the property is subject to forfeiture is on the Government, the burden of establishing standing is on the claimant").

"To satisfy Article III's standing requirement in civil forfeiture cases, a claimant must show that the claimant is an 'owner or possessor of property that has been seized,' and that the claimant 'necessarily suffers an injury that can be redressed at least in part by the return of the seized property.'" *United States v. Currency $716,502.44,* No. 08-CV-11475, 2008 WL 5158291, at *3 (E.D. Mich. 2008) (citing *United States v. $515,060.42,* 152 F.3d 491, 497 (6th Cir. 1998) ("With respect to Article III standing … a claimant must have a colorable ownership, possessory or security interest in at least a portion of the defendant property.") (citation omitted)); *see also United States v. $960,000 in U.S. Currency,* 307 F. App'x 251, 255 (11th Cir. 2006).[2]

Jones does not dispute that he must establish standing to proceed with his challenge to the forfeiture. He argues, however, that the evidence that he was the addressee on the package and his response to the interrogatory states such an interest (Resp., Dkt 23 at 2). The Court disagrees.

---

[2]"To contest a government forfeiture action, a claimant must have both statutory standing in accord with the Civil Asset Forfeiture Reform Act of 2000 ('CAFRA') and standing under Article III." *Currency $716,502.44*, 2008 WL 5158291, at *2. The parties do not distinguish the standing at issue here, but since Article III standing is necessary, the Court considers standing in that context.

4

Jones provides no persuasive argument or authority for his contention of a possessory or ownership interest in the package. He asserts, without authority, that ownership passed prior to shipping (Resp., Dkt 23 at 3-4). The Court finds no such authority on the circumstances presented. Jones never had possession of the Currency. The mere fact that he was the intended recipient of a package still in transit, along with his self-serving assertions, is insufficient to show a possessory or ownership interest to contest forfeiture. *See, e.g., $960,000 in U. S. Currency,* 307 F. App'x 251, 255-56 (11th Cir. 2006) (intended recipient and asserted "owner" of carton containing shipment of currency purportedly to pay business debt, insufficient to show possessory or ownership interest).

Jones argues he should be permitted an opportunity to perfect his claim through subsequent verification. The Court finds no basis for granting his request. Jones proposes no means by which he might obtain such verification, and he provides no indication that such opportunity would be fruitful. Jones apparently does not know who Gabriel is, where he lives or how to contact him to find out his last name. Moreover, Jones has had ample time to seek additional verification since the Government's motions to strike were filed and has not done so.

Jones has not met his burden of establishing standing on the facts and evidence presented. The Government's Second Motion to Strike Jones' Claim is properly granted.


Dated: March 29, 2013     /s/ Janet T. Neff
                          JANET T. NEFF
                          United States District Judge